## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **Wendy Brisentine and** <br> **April Brisentine and** <br> **Amber Reeves**, *on behalf of themselves and* <br> *all others similarly situated* <br><br> **Plaintiff,** <br><br> v. <br><br> **NORTHWEST TENNESSEE FOOT CLINIC,** <br> **PLLC** *a Tennessee Limited Liability Company,* and <br> **DR. ELIZABETH LU** <br><br><br><br> **Defendants.** | **Civil Action, Case No.: _____** <br><br> **JURY DEMANDED** |

## VERIFIED COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

**COME NOW** the Plaintiffs, Wendy Brisentine, April Brisentine, and Amber Reeves (hereinafter referred to as "Ms. Wendy Brisentine," "Ms. April Brisentine," "Ms. Amber Reeves," or "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, for their Complaint against Defendants, Northwest Tennessee Foot Clinic, PLLC and Dr. Elizabeth Lu (hereinafter "Defendants"), states and alleges as follows this Complaint:

### NATURE OF THE COMPLAINT

1. Plaintiffs bring a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiffs bring this action against Defendant, Northwest Tennessee Foot Clinic, PLLC, a Tennessee limited liability company, for unpaid overtime compensation, minimum wage, related penalties and damages, and failure to pay her for all hours worked.

3. Plaintiffs are former employees of Defendants and allege that Defendant failed and refused to pay her the statutory required overtime premium for all hours worked over forty in a designated work week.

4. Plaintiffs also allege that Defendant failed and refused to pay them the statutory required minimum wage for all hours worked.

5. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs seek declaratory relief, straight time wages equaling at least minimum wage for all hours worked, overtime premiums for all hours worked over forty in any given work week required, suffered, or permitted by Defendant, overtime wages for all hours worked and not compensated, liquidated and/or other damages as permitted by applicable law; attorneys' fees, costs, and expenses incurred in this action.

6. Defendants' practice and policy is, and has been since at least May 2016 to willfully fail and refuse to pay Plaintiffs and similarly situated employees minimum wage for all hours worked, specifically for travel and training time, to willfully fail and refuse to pay overtime rates for travel and training time, and to willfully fail and refuse to pay an overtime premium due and owing to Plaintiffs for all hours worked over forty (40) in a work week in violation of the FLSA notwithstanding the fact that Plaintiffs and those similarly situated to Plaintiffs are non-exempt employees entitled to an overtime premium under the FLSA.

7. From approximately May 2016 to present, Plaintiffs, and those similarly situated hourly employees, have worked overtime hours during a work week without receiving an overtime

premium for these hours. Further, Plaintiffs and those similarly situated assert that the hours for which they were not compensated did not count towards forty hours in a work week, resulting in the underpayment of overtime wages.

## PARTIES

8. Ms. Wendy Brisentine is an adult resident of Bells, Crockett County, Tennessee.

9. Ms. April Brisentine is an adult resident of Dyersburg, Dyer County, Tennessee.

10. Ms. Amber Reeves is an adult resident of Dyersburg, Dyer County, Tennessee.

11. Plaintiffs and those similarly situated to her are employees of Defendant for FLSA purposes.

12. Members of the collective action and/or prospective members are those current and former hourly rate employees who were suffered or permitted to work by Defendants during travel time to and from the Dyersburg Office, Ripley Office, and Union City Office, and were paid less than minimum wage and/or their regular rate for these travel time hours, who were not paid overtime wages for these travel time hours, and whose travel time hours did not count toward overtime hours.

13. Defendant Northwest Tennessee Foot Clinic, PLLC is a Tennessee Professional limited liability company doing business in Dyer County Tennessee and it can be reached for service through its registered agent, Elizabeth Lu, DPM at 620 US Highway 51 Byp. E, Dyersburg, TN 38024-2153.

14. Upon information and belief, Defendant Dr. Elizabeth Lu is an individual resident of Dyer County who can be reached for service at 620 US Highway 51 Byp. E, Dyersburg, TN 38024-2153.

15. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

16. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

17. Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that it is subject to service of process in Tennessee and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

18. Defendant does business in the Eastern Division of Western District of Tennessee. Furthermore, a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern Division of the Western District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Eastern Division of the Western District of Tennessee.

## REPRESENTATIVE ACTION ALLEGATIONS

19. Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants for the last three years from the commencement of this action, who were paid on an hourly rate basis have not been compensated for all hours worked, and/or who have not been compensated at one and one half times the regular rate of pay for all work performed in excess of forty hours per week, and/or who have been compensated at less than minimum wage for hours worked.

20. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs because their claims are similar to collective action members or putative collection action members.

21. Plaintiffs, collective action members, and putative collective action members are similarly situated because they work as hourly employees for Defendant, they had substantially similar job requirements and job duties as hourly employees of Defendant, and were subject to Defendant's common practice, policy or plan of refusing to pay employees for all hours worked, refusing to pay an hourly rate of at least minimum wage and/or their regular rate for all hours worked, failing to pay overtime wages for travel time and training time hours, and failing to include travel time and training time in hours worked up to forty (40) in a workweek.

## FACTUAL BACKGROUND

22. Defendant employed Ms. Wendy Brisentine beginning in approximately March 2017 to November 9, 2018.

23. Defendant hired Ms. Wendy Brisentine as a P.A.

24. During her employment Defendant paid Ms. Wendy Brisentine by the hour.

25. Ms. Wendy Brisentine primarily worked at the Dyersburg, TN office.

26. Defendant employed Ms. April Brisentine beginning in approximately August 2012 to December 31, 2018.

27. Ms. April Brisentine worked as a Medical Assistant and Front Desk.

28. During her employment Defendant paid Ms. April Brisentine by the hour.

29. Ms. April Brisentine primarily worked at the Dyersburg, TN office.

30. Defendant employed Ms. Amber Reeves beginning in approximately January 2016 to May 2017.

31. Ms. Amber Reeves worked as a Medical Assistant.

32. During her employment Defendant paid Ms. Amber Reeves by the hour.

33. Ms. Amber Reeves primarily worked at the Dyersburg, TN office.

34. As part of their job duties, Plaintiffs also performed work at Defendant's Union City and Ripley Tennessee locations.

35. Defendant required Plaintiffs to report to the Dyersburg office location each morning.

36. While at the Dyersburg location, Plaintiffs and those similarly situated would load any necessary equipment in a vehicle.

37. While at the Dyersburg location, Plaintiffs and those similarly situated would wait for other employees to arrive including waiting for Dr. Elizabeth Lu.

38. After the vehicle had been loaded, Plaintiffs, those similarly situated, and Dr. Lu would drive to one of Defendant's other office locations.

39. Plaintiffs and those similarly situated received their assignment, met with their fellow co-workers, collected and loaded materials and equipment that would be needed for the day, and got in the vehicle that would travel to the secondary office location upon arrival.

40. Plaintiffs and those similarly situated were performing this work for the primary benefit of Defendant.

41. After completing work at Defendant's other office location, Plaintiffs, those similarly situated, and Dr. Lu would return to the Dyersburg office location.

42. Upon return, Plaintiffs and those similarly situated would unload the vehicle.

43. Upon return, Plaintiffs and those similarly situated would place used instruments in the autoclave for disinfecting, thereby performing work.

44. Plaintiffs and those similarly situated were not compensated for all of their time spent traveling between Defendant's offices.

45. Further, Plaintiffs and those similarly situated were required to attend mandatory training sessions during their alleged lunch break.

46. Plaintiffs and those similarly situated were not clocked in or paid for these mandatory training lunches.

47. Plaintiffs and those similarly situated attended the mandatory training sessions for the primary benefit of Defendant.

48. Defendants did not include these mandatory training sessions when calculating employees' hours worked for any given workweek.

49. All of the work described above is an integral and indispensable part of Defendant's principal activities.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

50. Plaintiffs re-allege and incorporates herein the allegations contained in the Paragraphs above as they were set forth fully herein.

51. Upon information and belief, at all relevant times, Defendants have been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

52. Upon information and belief, at all relevant times, Defendants employed and continues to employ "employee[s]."

53. Upon information and belief, at all relevant times, Defendants had/have gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

54. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

55. Plaintiffs and similarly situated employees are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA, including time worked during the travel time and training lunches.

56. Plainitffs and similarly situated employees are entitled to be paid the minimum wage for all hours worked and are entitled to be paid overtime compensation for all hours worked over forty in a given work week, including work performed during the travel time and training lunches.

57. As a result of Defendant's failure to compensate Plaintiffs and similarly situated employees for all hours worked and to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

58. Defendant's failure to compensate Plaintiffs and similarly situated employees for all hours worked and to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week was not a good faith violation of the FLSA under 29 U.S.C. § 260.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and employees similarly situated to her pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, front pay, back pay, and penalties in an exact amount to be determined at trial;

4. Award Plaintiffs and those similarly situated costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

6. Designation of Plaintiffs Wendy Brisentine, April Brisentine, and Amber Reeves as Representative Plaintiff of the putative members of the FLSA representative action;

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and those similarly situated to her hereby demand a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated: June 11, 2019	Respectfully submitted,

<div style="margin-left:auto;">

s/Bailey H. Dorsey
Laura Ann E. Bailey, TN Bar No. 027078
Alan G. Crone, TN Bar No. 014285
Bailey H. Dorsey, TN Bar No. 33664
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7959 (voice)
901.474.7926 (fax)
lbailey@cronelawfirmplc.com
acrone@cronelawfirmplc.com
bdorsey@cronelawfirmplc.com
*Attorneys for Plaintiff*

</div>