## AGREEMENT AND GENERAL RELEASE

This Agreement and General Release ("Agreement") is made by, between and among Wendy Brisentine, April Brisentine, Amber Reeves, Denise Jones and Venus Wisdom (collectively the "Plaintiffs"); and Dr. Elizabeth Lu and Northwest Tennessee Foot Clinic (collectively the "Defendants"). The Plaintiffs and the Defendants are referred to herein collectively as "the Parties" to this Agreement.

## RECITALS

WHEREAS, Plaintiffs filed a lawsuit against the Defendants captioned *Wendy Brisentine and April Brisentine and Amber Reeves, et al v. Northwest Tennessee Foot Clinic, PLLC, and Dr. Elizabeth Lu* in the United States District Court for the Western District of Tennessee Eastern Division bearing the Case Number 1:19-cv-1122 ("the Action") alleging that the Defendants are liable for, among other things, unpaid wages, overtime pay, liquidated damages, penalties, attorneys' fees, and/or interest under the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201 *et seq.*, and its implementing regulations, all of which Defendants have from the outset denied and continue to deny; and,

WHEREAS, the Parties have considered that the interests of all concerned are best served by compromise, settlement and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests; and,

WHEREAS, to the extent there may be monies owed to Plaintiffs under the Fair Labor Standards Act, the Parties acknowledge there is a genuine good faith dispute over, among other things, the number of hours worked by the Plaintiffs; and,

WHEREAS, the Parties have engaged in settlement negotiations and as a result have agreed to settle the issues, matters and things in dispute among them in the Action pursuant to the terms of this Agreement; and,

NOW THEREFORE, in consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows:

1.      Settlement:    The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not to be construed as an admission by the Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation or other (including executive orders).

2.      Payment to the Plaintiffs:     In return for the good and sufficient consideration set forth herein, the Parties agree to the following:

A.      The Defendants shall pay the Plaintiffs and their counsel a total gross sum of thirty two thousand three hundred dollars and fifty six cents ($32,300,56) in the manner set forth below:

B.      Each individual Plaintiff will be issued one check by the Defendants in the amounts itemized in Paragraphs B (1) – (5) and Defendants will issue Internal Revenue Service Forms W-2 to each Plaintiff for the payments issued to her as follows:

(1)     One check shall be made payable to "Wendy Brisentine". The check shall be made payable to Wendy Brisentine for payment of unpaid wages owed to her, shall be in the amount of $1,712.19 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to Wendy Brisentine by the Defendants.

2

(2)     One check shall be made payable to "April Brisentine". The check shall be made payable to April Brisentine for payment of unpaid wages owed to her, shall be in the amount of $7,907.44 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to Amber Brisentine by the Defendants.

(3)     One check shall be made payable to "Amber Reeves". The check shall be made payable to Amber Reeves for payment of unpaid wages owed to her, shall be in the amount of $2,532.75 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to Amber Reeves by the Defendants.

(4)     One check shall be made payable to "Denise Jones". The check shall be made payable to Denise Jones for payment of unpaid wages owed to her, shall be in the amount of $495.00 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to Denise Jones by the Defendants.

(5)     One check shall be made payable to "Venus Wisdom". The check shall be made payable to Venus Wisdom for payment of unpaid wages owed to her, shall be in the amount of $1,742.95 less applicable withholdings and taxes, and that payment shall be reflected on a W-2 IRS form provided to Venus Wisdom by the Defendants.

C.     The sixth check shall be made payable to "The Crone Law Firm, PLC," Plaintiffs' counsel, as and for attorneys' fees and costs and shall be in the amount of $17,910.23. Defendants shall issue to Plaintiffs' counsel an appropriate Internal Revenue Service Form 1099 in relation to this payment, "gross proceeds paid to attorney [box 14]." Plaintiffs' counsel agrees to provide a fully executed Internal Revenue Service Form W-9 prior to and in relation to this payment. Plaintiffs acknowledge that they have expressly authorized and directed Defendants to make this

payment as described to The Crone Law Firm, PLC. No monies shall be withheld from this payment to The Crone Law Firm, PLC.

D.      The Parties agree that the six (6) checks identified in Paragraphs 2(A)-(C) will be sent by overnight mail to The Crone Law Firm, PLC, 88 Union Avenue, 14th Floor, Memphis, Tennessee 38103 within fourteen (14) business days of the Court's approval of this Agreement.

E.      Plaintiffs and Plaintiffs' counsel are solely responsible for complying with any and all taxing obligations arising from receipt of their respective portions of the Settlement Amount. Plaintiffs hereby indemnify Defendants from any and all obligations with respect to taxes that may be due on the attorneys' fees and costs portions of the Settlement Amount.

**3.      General Release and Waiver or Rights and Claims by the Plaintiffs:**  In return for the consideration described above, Plaintiffs unconditionally release and forever discharge Defendants, their agents, employees, successors, and assigns, and all affiliated business entities, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands, whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, which against Defendants, their heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, shall or may have, arising under any federal, state or local, wage-hour, or labor laws and/or regulations, or contract from the beginning of time to the date this Agreement is executed by the Parties, including, but not limited to:

A.      all claims under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001 *et seq.*; any

amendments to the statutes referred to herein; sales commissions earned or accrued, whether as an employee or independent contractor; and costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; alleged unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; and any claims relating to procurement of customers, sub-agents, business, finder's fees, or any other asserted basis for additional remuneration or other rewards; and any other federal, state or local law relating to employee wages and hours;

B.      all claims alleging breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; defamation; or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity;

C.      all claims for fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application or any benefit plan; and any claims for non-vested benefits arising under ERISA;

D.      all claims for payment of income and employment taxes.

4.      **No Other Payment Due:**      Except as specifically provided in this Agreement, Plaintiffs agree that they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from the Defendants for any work they performed for Defendants during the relevant period as defined in the Complaint to the date the Parties execute this Agreement.

5.      **Accord and Satisfaction:**     Should any proceedings be instituted by Plaintiffs with respect to matters here settled, released or waived pursuant to the Agreement, other than an action or proceeding to enforce the terms of the Agreement, this Agreement shall be deemed full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

6.      **Dismissal of The Action:**

A.      Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the Action, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions, concerning improper payment of wages pending against the parties they have released herein; and will not accept any money from or file any other currently existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Defendant's improper payment of wages to the Plaintiffs during their employment by the Defendants  through the date this Agreement and General Release is executed by the Parties.

B.      Payment of the Settlement Amount due under this Agreement is contingent upon the Court approving this Agreement.

C.      After payment pursuant to this Agreement is received by Plaintiffs' counsel, which is due on or before the fourteenth day after the Court approves this Agreement, Plaintiffs, through

counsel, shall dismiss the Action against the Defendants with Prejudice and provide a signed copy of such to Jason R. Creasy, counsel for the Defendants.

      D.      The parties agree to use their best efforts to obtain the court's approval of this Agreement.

      **7.**      **<u>Claims Not Included:</u>**  The Parties agree that the above paragraphs shall release the Defendants from liability to the fullest extent permitted by law and only to the extent permitted by law. The Parties acknowledge that this Agreement does not prohibit the following rights or claims: 1) claims that arise after the date the Parties execute this Agreement; and, 2) any rights or claims whether specified above or not, that cannot be waived as a matter of law pursuant to federal, state or local statute. If it is determined that any claim covered by this Agreement cannot be waived as a matter of law, the Parties expressly agree that the Agreement will nevertheless remain valid and fully enforceable as to the remaining released claims.

      **8.**      **<u>Entire Agreement:</u>**  The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

      **9.**      **<u>Plaintiffs' Consultation with Legal Counsel:</u>**    Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement and General Release and have done so. Plaintiffs further represent that after having had a full opportunity to review and consider the terms and conditions of this Agreement and General Release, and having discussed them with their counsel and having had sufficient time to review and consider this Agreement and General Release, they can fully understand all of the provisions of this Agreement and General

Release and each has executed same freely voluntarily. Plaintiffs further understand that after execution of this Agreement and General Release, each and any Plaintiff has the opportunity to revoke same within seven (7) days of execution of same. A timely revocation by any of the Plaintiffs, revokes this Agreement and General Release and the settlement of the aforementioned action on behalf of all Plaintiffs.

10.     **Waiver and Modification:**   This Agreement and General Release may not be modified, altered or changed except upon express written consent of the Parties.

11.     **Counterparts:**   This Agreement and General Release may be executed in counterparts and/or by facsimile and remain entirely enforceable.

12.     **Use of the Singular:**   Whenever used in this Agreement and General Release, the singular word shall include the plural, the plural the singular, and the use of any general shall be applicable to all genders. This General Release shall not be interpreted in favor of, or against, either party because of such party having drafted this General Release.

13.     **Governing Law:**   This Agreement and General Release shall be subject to and governed by the laws of the State of Tennessee.

14.     **Severability Clause:**   If any term or provision of this Agreement and General Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and General Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and General Release shall be valid and be enforced to the fullest extent permitted by law; provided however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not

entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release waiver and/or covenant that is legal and enforceable to the Defendants.

IN WITNESS WHEREOF, Plaintiffs and Defendants hereunto set their hands this the _____ day of February, 2020.

_____   _____
Wendy Brisentine         Elizabeth Lu

_____   _____
April Brisentine          Elizabeth Lu, Managing Member
                  Northwest Tennessee Foot Clinic, PLLC

_____
Amber Reeves

_____
Denise Jones

_____
Venus Wisdom